IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON CARLISLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:24-cv-765 |
| | ) |
| CARVANA, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, Jason Carlisle, for his Complaint against Defendant, Carvana, LLC, states the following:

**I. Parties**

1. Plaintiff is a resident of Westfield, Indiana.

2. Defendant is a limited liability company.

3. Defendant has a location in Greenwood, Indiana.

**II. Jurisdiction and Venue**

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

5. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

6. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendant doing business in this District.

### III.  Factual Allegations

7. Plaintiff was an employee of Defendant.

8. Plaintiff began working for Defendant on July 25, 2022.

9. Plaintiff worked for Defendant as an inspector.

10. Defendant agreed to pay Plaintiff on an hourly basis.

11. Defendant agreed to pay Plaintiff $18.54 per hour.

12. Defendant paid Plaintiff on a weekly basis.

13. Plaintiff worked hours for Defendant that he was not paid at least minimum wages.

14. Plaintiff worked overtime hours for Defendant that he was not paid overtime premiums.

15. Plaintiff worked the pay period of January 23, 2023 to February 5, 2023 for Defendant.

16. The pay date for the pay period of January 23, 2023 to February 5, 2023 was February 10, 2023.

17. Plaintiff's net pay for the January 23, 2023 to February 5, 2023 pay period was not deposited in Plaintiff's Chime account on February 10, 2023 pay date.

18. Plaintiff's net pay for the January 23, 2023 to February 5, 2023 pay period was deposited in another account on February 10, 2023 pay date.

19. Plaintiff's Carvana employee account was hacked by someone who changed the account where the wages were to be deposited.

20. Plaintiff notified Defendant that he did not receive any wages on February 10, 2023 pay date.

21. To date, Plaintiff has never been paid his net wages by Defendant for the January 23, 2023 to February 5, 2023 pay period.

22. Plaintiff worked the pay period of March 20, 2023 to April 2, 2023 for Defendant.

23. The pay date for the pay period of March 20, 2023 to April 2, 2023 was April 7, 2023.

24. Plaintiff's net pay for the March 20, 2023 to April 2, 2023 pay period was not deposited in Plaintiff's Chime account on April 7, 2023 pay date.

25. Plaintiff's net pay for the March 20, 2023 to April 2, 2023 pay period was deposited in another account on April 7, 2023 pay date.

26. Plaintiff's Carvana employee account was hacked by someone who changed the account where the wages were to be deposited.

27. Plaintiff notified Defendant he did not receive any wages on the April 7, 2023 pay date.

28. To date, Plaintiff has never been paid his net wages by Defendant for the March 20, 2023 to April 2, 2023 pay period.

29. Plaintiff worked the pay period of April 3, 2023 to April 16, 2023 for Defendant.

30. The pay date for the pay period of April 3, 2023 to April 16, 2023 was April 21, 2023.

31. Plaintiff's net pay for the April 3, 2023 to April 16, 2023 pay period was not deposited in Plaintiff's Chime account on April 21, 2023 pay date.

32. Plaintiff's net pay for the April 3, 2023 to April 16, 2023 pay period was deposited in another account on April 21, 2023 pay date.

33. Plaintiff's Carvana employee account was hacked by someone who changed the account where the wages were to be deposited.

34. Plaintiff notified Defendant he did not receive any wages on the April 21, 2023 pay date.

35. To date, Plaintiff has never been paid his net wages by Defendant for the April 3, 2023 to April 16, 2023 pay period.

36. Plaintiff worked the pay period of April 17, 2023 to April 30, 2023 for Defendant.

37. The pay date for the pay period of April 17, 2023 to April 30, 2023 was May 5, 2023.

38. Plaintiff's net pay for the April 17, 2023 to April 30, 2023 pay period was not deposited in Plaintiff's Chime account on May 5, 2023 pay date.

39. Plaintiff's net pay for the April 17, 2023 to April 30, 2023 pay period was deposited in another account on May 5, 2023 pay date.

40. Plaintiff's Carvana employee account was hacked by someone who changed the account where the wages were to be deposited.

41. Plaintiff notified Defendant he did not receive any wages on the May 5, 2023 pay date.

42. To date, Plaintiff has never been paid his net wages by Defendant for the April 17, 2023 to April 30, 2023 pay period.

43. Plaintiff worked the pay period of May 1, 2023 to May 14, 2023 for Defendant.

44. The pay date for the pay period of May 1, 2023 to May 14, 2023 was May 19, 2023.

45. Plaintiff's net pay for the May 1, 2023 to May 14, 2023 pay period was not deposited in Plaintiff's Chime account on May 19, 2023 pay date.

46. Plaintiff's net pay for the May 1, 2023 to May 14, 2023 pay period was deposited in another account on May 19, 2023 pay date.

47. Plaintiff's Carvana employee account was hacked by someone who changed the account where the wages were to be deposited.

48. Plaintiff notified Defendant he did not receive any wages on the May 19, 2023 pay date.

49. To date, Plaintiff has never been paid his net wages by Defendant for the May 1, 2023 to May 14, 2023 pay period.

50. Plaintiff worked at least part of the pay period of May 15, 2023 to May 28, 2023 for Defendant.

51. The pay date for the pay period of May 15, 2023 to May 28, 2023 was June 2, 2023.

52. Plaintiff's net pay for the May 15, 2023 to May 28, 2023 pay period was not deposited in Plaintiff's Chime account on June 2, 2023 pay date.

53. Plaintiff's net pay for the May 15, 2023 to May 28, 2023 pay period was deposited in another account on June 2, 2023 pay date.

54. Plaintiff's Carvana employee account was hacked by someone who changed the account where the wages were to be deposited.

55. Plaintiff notified Defendant he did not receive any wages on the June 2, 2023 pay date.

56. To date, Plaintiff has never been paid his net wages by Defendant for the May 15, 2023 to May 28, 2023 pay period.

57. Defendant did not have a good faith basis for failing to pay Plaintiff her overtime premiums.

58. Defendant did not have a good faith basis for failing to pay Plaintiff her minimum wages.

59. Defendant did not have a good faith basis for failing to pay Plaintiff his net wages.

60. Defendant did not have a good faith basis for failing to pay Plaintiff his net wages after Plaintiff reported that these wages had been diverted to another account not belonging to Plaintiff.

61. After not being paid for ten (10) weeks of work, Defendant constructively discharged Plaintiff.

62. Defendant constructively discharged Plaintiff for complaining about not being paid his wages which included minimum and overtime wages.

63. Plaintiff quit his employment with Defendant on or about May 28, 2023.

### III.  Cause of Action

### Count I
### Failure to Pay Minimum and Overtime Premium Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

64. Plaintiff incorporates paragraphs 1 through 63 by reference herein.

65. Plaintiff was an employee of Defendant pursuant to the FLSA.

66. Defendant had gross revenues of at least $500,000.00 for the 2022 calendar year.

67. Defendant had gross revenues of at least $500,000.00 for the 2023 calendar year.

68. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

    Respectfully submitted,

    WELDY LAW

    /s/Ronald E. Weldy
    Ronald E. Weldy, #22571-49

### Count II
### Wage Payment Statute, I.C. §22-2-5 *et. seq.*

69. Plaintiff incorporates paragraphs 1 through 68 by reference herein.

70. Defendant is an employer pursuant to the Wage Payment Statute.

71. Defendant failed to pay Plaintiff his wages due and owing in the correct amount.

72. Plaintiff has been damaged by Defendant's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

    Respectfully Submitted,

    WELDY LAW

    /s/Ronald E. Weldy
    Ronald E. Weldy, #22571-49

### Count III
### Retaliation
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

73. Plaintiff incorporates paragraphs 1 through 72 by reference herein.

74. Plaintiff complained to Defendant about not being paid his net wages which included his overtime and minimum wages.

75. Defendant constructively discharged Plaintiff for complaining about the failure to pay Plaintiff his wages for work performed.

76. Plaintiff has been damaged by Defendant's retaliatory termination.

WEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated, special and punitive damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV.   Jury Demand

77. Plaintiff incorporates paragraphs 1 through 76 by reference herein.

78. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Jason Carlisle

Weldy Law - 11268 Governors Lane, Fishers, IN 46037,
Tel: (317) 842-6600, E-mail: rweldy@weldylegal.com